PER CURIAM.
Appellant seeks review of an administrative order of the Department of Health and Rehabilitative Services (HRS) which affirmed the denial of Aid to Families with Dependent Children (AFDC) benefits. We reverse.
Appellant, who was receiving food stamp benefits, was denied AFDC benefits based upon a finding that she had assets in excess of the AFDC eligibility asset limit of $1000. Florida Administrative Code Rule 10C-1.099. The disputed asset was a 1982 Ford pickup truck with an NADA book value of $2875. Appellant attempted to show that the truck was inoperative because of a broken engine, had been sitting in an open field and had a value of $300. The hearing officer found appellant failed to present the agency with credible evidence to show the value of the truck was less than the NADA book value. Appellant argues on appeal that HRS had an affirmative obligation to assist her in verifying the value of the truck, that F.A.C. Rule 10C-1.099(8) is inconsistent with federal regulations and that HRS is estopped *110 to require further verification for AFDC benefits when the food stamp unit had already determined the value of the resource. Because of our disposition, we do not reach the merits of these arguments.
Appellee has filed a motion for remand to redetermine eligibility. The motion represents that HRS has determined appellant should not have been denied benefits based upon the ground stated in the final order. HRS requests the case be remanded to the department for a reasonable time for a redetermination of AFDC and food stamp eligibility.
We treat the motion as a confession of error, vacate the final order and reverse and remand for further proceedings.
ERVIN, WENTWORTH and BARFIELD, JJ., concur.